IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00530-MSK-PAC

DARRELL TOUTANT,

    Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

THIS MATTER comes before the Court on the Plaintiff's Amended Motion to Remand **(#16)**.[1] Having considered the motion, the response **(#22)**,[2] the reply **(#24)**, the surreply **(#26-2)**,[3] and the parties' supplemental authority **(#28, #29)**, the Court

**FINDS** and **CONCLUDES** that:

**I. Jurisdiction**

The Defendant invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1453.

---

[1] The Defendant filed a separate motion **(#27)** requesting oral argument on the motion to remand on the basis that the motion presents an issue of first impression. After consideration of the parties' written positions, the Court determines that oral argument would not assist in the determination of the legal issues presented. Therefore, the motion for oral argument is denied.

[2] The Defendant's motion **(#21)** for leave to file a 20-page response is granted.

[3] The Defendant's motion **(#26)** seeking leave to file a surreply is granted.

## II. Background

In 2003, various insureds filed a Class Action Complaint against their respective insurers in the Boulder County District Court (referred to herein as "the Insurance Class Action"). A Second Amended Class Action Complaint was filed in December 2003. The Plaintiff, Darrell Toutant, was one of several named plaintiffs, and the Defendant, Nationwide Mutual Insurance Company ("Nationwide"), was one of several defendants in the Insurance Class Action.

Some defendants in the Insurance Class Action filed motions to sever. The plaintiffs stipulated to severance but stated their intention to file a motion to consolidate for certain purposes not identified. The Boulder District Court granted the motions to sever on February 24, 2006, based upon the plaintiffs' stipulation. It then reconfigured the Insurance Class Action into several separately numbered matters. One of the separately numbered matters is this one, in which Mr. Toutant asserts claims against Nationwide on his own behalf and on behalf of a class.

One month after severance, Nationwide removed this matter. Nationwide asserts that this Court has subject matter jurisdiction on two grounds: (1) that Mr. Toutant asserts claims on behalf of a class, and this matter was properly removed pursuant to the Class Action Fairness Act of 2005 ("the CAFA");[4] and (2) that the Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332, therefore, removal is proper pursuant to 28 U.S.C. § 1446(b). Nationwide contends that removal has been timely because the severance order issued on February 24, 2006

---

[4] Section 4 of the CAFA amended 28 U.S.C. § 1332 to create subject-matter jurisdiction in federal courts over class actions in which: (i) more than $5 million was in controversy; and (ii) any class member is diverse in citizenship from any defendant. *See* 28 U.S.C. § 1332(d)(2) (as amended). Section 5 of the CAFA created 28 U.S.C. § 1453, which allows for the removal of applicable class actions to federal court in accordance with the general removal statute, 28 U.S.C. § 1446, "except that the 1-year limitation under section 1446(b) shall not apply."

commenced this action.

Mr. Toutant moves to remand this matter to state court. He contends that the removal of this matter is untimely under both CAFA and 28 U.S.C. § 1446(b)[5] because this action commenced in 2003 as the Insurance Class action; no new action was commenced upon issuance of the severance order on February 24, 2006. He also requests an award of costs and attorney fees in accordance with 28 U.S.C. § 1447(c).

### III. Issue Presented

The overarching issue is whether this matter was timely removed pursuant to the CAFA or the general removal statute, 28 U.S.C. § 1446(b). However, resolution of such issue turns on whether the severance order issued in the Insurance Class Action on February 24, 2006, resulted in the commencement of this matter as a new civil action subject to removal.

### IV. Analysis

The Court begins with the axiom that federal courts are courts of limited jurisdiction and must narrowly construe statutes conferring federal jurisdiction. *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2964 (2005); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). There is a general presumption against federal court jurisdiction, and the party asserting jurisdiction has the burden of establishing its existence. *See Kinross v. Utah Railway Co.*, 362 F.3d 658, 661 (10th Cir. 2004). With regard to removed cases, a court must resolve all doubts as to the applicability of a removal statute against removal. *See Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331,

---

[5]Mr. Toutant also asserts that the amount-in-controversy requirement of the diversity statute is not met. It is not necessary to address this assertion, which goes to the substantive basis for removal. For the reasons discussed *infra*, there was no procedural opportunity to remove this matter.

3

333 (10th Cir. 1982). When a court determines that it lacks subject matter jurisdiction over a removed case, it must remand the case to state court. *Cf. Penteco Corp. Ltd. Partnership*, 929 F.2d at 1521 (requiring dismissal for lack of jurisdiction).

Determination of this Court's jurisdiction turns on the answer to a single question – was the removal of this matter timely? Removal pursuant to CAFA would be timely only if this matter is deemed to be an action that commenced after the CAFA's effective date of February 18, 2005. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005).[6] Removal under the general removal statute, 28 U.S.C. §1446(b), would be timely only if it occured within 1 year following the commencement of a civil action.[7]

According to Nationwide, a civil action was commenced at the moment these parties and claims were severed from others in the Insurance Class Action. In contrast, Mr. Toutant contends

---

[6] Section 9 of the CAFA provides that "The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." In *Pritchett*, removal was improper because the action was deemed to have commenced on the date that the initial pleading was filed in state court, which was prior to the CAFA's effective date.

[7] This statute provides:
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Here, the parties contest whether this matter was removed more than 1 year after the commencement of an action.

that commencement of the action involving this matter occurred in 2003, and that, regardless of the assignment of an independent case number by the state court, severance of these claims and parties did not commence a new action.

This presents a question of first impression within the Tenth Circuit. With the exception of three recent Colorado district court decisions involving other matters severed from the Insurance Class Action,[8] and the two district court decisions relied upon by Nationwide,[9] this Court has found no caselaw – binding or otherwise – which addresses whether the severance of claims and parties results in commencement of a civil action for purposes of the CAFA or the general removal statute.

In the absence of binding precedent on the issue and because the matter began in the Colorado courts, the Court turns to Colorado law for guidance in determining when commencement of an action in a Colorado court occurs.[10] A review of the Colorado Rules of Civil Procedure finds no support for the proposition that an order of severance results in the

---

[8] Judge Robert E. Blackburn addressed this issue in *Briggs v. Geico General Ins. Co.*, Civil Case No. 06-cv-00550-REB-MEH, 2006 WL 1897210 (D. Colo. Jul. 10, 2006), and reached substantially the same conclusion that this Court reaches here. Similarly, Chief Judge Lewis T. Babcock issued two orders incorporating Judge Blackburn's ruling by reference. *Thacker v. Farmers Insurance Exch.*, 06-cv-00558-LTB-CBS (D. Colo. Jul. 12, 2006); *Medina v. Colonial Penn Franklin Ins. Co.*, 06-cv-00553-LTB-MEH (D. Colo. Jul. 12, 2006).

[9] *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214 (W.D. Ky. 1996); *Farmer v. St. Paul Fire & Marine Ins. Co.*, No. 2:05CV161-D-B, 2006 WL 1134238 (N.D. Miss. Apr. 24, 2006).

[10] In *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005), the Seventh Circuit concluded that state law determines when an action is commenced for purposes of the CAFA. The Eighth Circuit followed *Schorsch* in *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006). The Tenth Circuit has declined to opine whether state or federal law governs when an action is commenced. *See Prime Care of Northeast Kansas, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1289 n.6 (10th Cir. 2006). However, it noted that it is the prevailing view to apply the law of the state where the action was commenced to determine whether an amended complaint relates back to the original complaint in the commencement analysis. *See id.*

commencement of an action.

The Rules governing commencement of a civil action and severance appear to be wholly unrelated. Pursuant to C.R.C.P. 3(a)[11], "A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons and complaint."[12] This rule makes no reference to severance. In corresponding fashion the rules governing severance make no reference to commencement of a civil action. Severance generally is governed by C.R.C.P. 42(b), which states:

> The court in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition or economy may order a separate trial of any separate issue or of any number of claims, cross claims, counterclaims, third-party claims, or issues.

Severance as to party is governed by C.R.C.P. 21, which provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The fact that the Rule specifying the events that result in commencement of a civil action and the Rules applicable to severance do not refer to each other is both logical and practical. The concept of commencement of an action is tied to the assertion of claims by a plaintiff or plaintiffs against a defendant or defendants.[13] Severance of claims or of parties with particular claims does

---

[11] Colorado Rules of Civil Procedure.

[12] Such rule is similar to its federal counterpart, Fed. R. Civ. P. 3, which provides for commencement of a civil action by the filing of a complaint rather than by service of a summons and complaint.

[13] When there is a substantive change in the claims asserted, some courts have considered the change to act as the commencement of a new action for calculation of time for removal. For example, the
(continued...)

not impact either the substance of the claims; severance pertains simply to the manner in which the claims are determined.

The Court next turns to the two decisions relied upon by Nationwide in support of its contention that severance commences a new action, *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214 (W.D. Ky. 1996), and *Farmer v. St. Paul Fire & Marine Ins. Co.,* No. 2:05CV161-D-B, 2006 WL 1134238 (N.D. Miss. Apr. 24, 2006). Both are decisions of trial courts.

In *Crump*, Jarriett Paul Moore sued Destiny Crump in 1993 for personal injuries sustained in an automobile accident. Wal-Mart intervened in 1994 but asserted no claims against Ms. Crump. In October 1995, Ms. Crump asserted a cross-claim against Wal-Mart. The state court treated the cross-claim as a separate action. Shortly thereafter, Wal-Mart removed the action to federal court on the basis that the claim was preempted by federal law or that there was diversity jurisdiction. The district court ruled that the removal was timely under the general removal statute because the removed claim did not exist until October 1995 and there was no diversity of jurisdiction until after severance.

In *Farmer*, St. Paul Fire & Marine Insurance ("St. Paul") was added as a defendant on May 3, 2005. The claims against St. Paul were severed, and St. Paul promptly removed the

---

[13](...continued)
Tenth Circuit ruled in *Prime Care*, 447 F.3d at 1286, that amendments to a complaint which do not relate back to the original complaint affect the "commencement" date for purposes of the CAFA. In other words, there are circumstances in which amended pleadings may restart the removal clock. The Tenth Circuit declined to follow the approach of the Fifth and Seventh Circuits, which automatically treated an action as having been "commenced" upon the filing of an amended complaint which adds a new party. *See Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 804 (5th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006), *petition for cert. filed* (May 23, 2006) (No. 05-1496). In the case at bar, however, no amended complaints were filed after severance; therefore, *Prime Care* is not on point.

matter to federal court. Citing *Crump*, the federal district court concluded that the action was properly removed on the basis of diversity jurisdiction because the severance of claims "restarted Section 1446(b)'s one-year time limit for removal of diversity actions[.]"

For a variety of reasons, this Court declines to follow the conclusions of *Crump* and *Farmer*. First, the decisions in *Crump* and *Farmer* conclude, without analysis, that the severance of claims resulted in commencement of a new civil action. It is not clear that the issue presented here was presented to these courts for determination. Neither is it apparent upon what basis or legal authority these courts based their conclusion. Clearly, neither court considered Colorado law. Second, neither opinion addresses whether it is federal law or state law that determines when a state action is commenced, nor articulates any policy that would favor treatment of severance as commencment of a new action. Third, the facts in both cases would suggest that removal would have been timely regardless of the severance.[14]

As discussed *supra*, this Court presumes an absence of federal jurisdiction and narrowly construes removal statutes against the conferral of jurisdiction. Colorado law does not recognise severance as the commencement of a new action. Nationwide has cited no binding federal precedent that would override Colorado law. Furthermore, Nationwide has presented no facts other than severance that would make the removal of this action timely.

The Court finds that the action asserting the claims against Nationwide was commenced in 2003, at the very latest when the Second Amended Complaint was filed in December. Severance

---

[14] Ms. Crump first asserted claims against Wal-Mart in October 1995, and Wal-Mart removed the action to federal court less than 30 days later. Therefore, Ms. Crump's pleading against Wal-Mart was arguably an "initial pleading" for purposes of 28 U.S.C. § 1446(b), which would have allowed for removal. In addition, it is also arguable that the action against St. Paul was "commenced" at the time St. Paul was added as a party and, therefore, the removal would have been timely.

of the claims or parties from the Insurance Class Action to create this matter did not change the claims asserted. Similarly, the administrative assignment of a new case number did not change the claims asserted. Therefore, severance of the claims that comprise this matter did not result in the commencement of a new action for purposes of calculating the time for removal. Removal of this matter was, therefore, untimely under both the CAFA and 28 U.S.C. § 1446(b).

Mr. Toutant requests an award of attorney fees and costs for the wrongful removal of this matter in accordance with 28 U.S.C. § 1447(c). This statute provides that an order to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This statute confers discretion upon the remanding court to award fees and costs for an improper removal. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *affirmed,* 126 S. Ct. 704 (2005); *Suder v. Blue Circle, Inc.,* 116 F.3d 1351, 1352 (10th Cir. 1997). As the Supreme Court clarified, there is no presumption of an award of fees and costs under this statute. *See Martin*, 125 S. Ct. at 709. Absent unusual circumstances, if a defendant's removal position was objectively reasonable at the time of removal, a court should decline to award fees and costs. *See id.* at 708.

Given the novelty of the issue presented here and the absence of dispositive legal authority to guide the parties' conduct, the Court cannot say that Nationwide's removal was objectively unreasonable. Thus, the request for an award of attorney fees and costs is denied.

**IT IS THEREFORE ORDERED** that:

(1)   The motion **(#21)** for leave to file a 20-page response is **GRANTED**.

(2)   The motion for leave to file a surreply **(#26)** is **GRANTED**.

(3)   The motion requesting oral argument **(#27)** is **DENIED**.

(4)   The motion to remand **(#16)** is **GRANTED**. The Clerk of Court is directed to remand this case to the Boulder County District Court.

(5)   The request for attorney fees and costs is **DENIED**.

Dated this 19th day of July, 2006

                            **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge